WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Fox Salerno, | ) | No. CV-10-858-PHX-ROS (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Henry Munoz, et al., | ) | |
| Defendants. | ) | |

Plaintiff has filed a "Motion to Seal Defendant Ellis' Notice to the Court of Putative Defendant Munoz and Carlson Correct Work Address," (Doc. 29) Plaintiff seeks to seal the aforementioned Notice because it refers to letter which Plaintiff wrote to his criminal defense attorney that is protected by the attorney-client privilege.

In his Complaint, Plaintiff alleges that Defendants Carlson, Munoz and Ellis seized and read a letter Plaintiff wrote to his criminal attorney. Plaintiff states that, in that letter, he admitted to a criminal act and asked his attorney to contact the Attorney General's office to resolve the issue. (Doc. 1) Plaintiff alleges that as a result of Defendants' action, he was convicted of a disciplinary violation and a criminal investigation was opened against him.

After the Court ordered service on Defendants Carlson, Munoz, and Ellis, Plaintiff had some difficulty serving Defendants Munoz and Carlson. On September 10, 2010, counsel for Defendant Ellis filed a "Notice of Putative Defendants Munoz and

1 Carlson's Correct Work Addresses," doc 25, to help facilitate service on those Defendants.
2 Counsel explained that Defendants should be served at work, rather than at home, because
3 Plaintiff had previously sought to obtain the home addresses of several prison employees
4 for improper purposes.  To support her point, counsel for Defendant Ellis referred to the
5 content of the letter that Plaintiff has written to his attorney in a criminal matter which
6 forms the basis of this action. (Doc. 25 at 2)   The Notice includes a single sentence that
7 briefly describes the letter which forms the basis of the Complaint.

8 Plaintiff contends that the September 10, 2010 Notice should be placed
9 under seal because it refers to a privileged communication between Plaintiff and his
10 criminal attorney.  As discussed below, the single sentence in the September 10, 2010
11 Notice which refers to the letter Plaintiff wrote to his criminal attorney does not include
12 information that is currently protected by the attorney-client privilege because Plaintiff
13 has waived the privilege by affirmatively placing the letter at issue in his Complaint.

14 Federal common law recognizes a privilege for communications between
15 client and attorney for the purpose of obtaining legal advice, provided such
16 communications were intended to be confidential. *See generally* Weinstein's Federal
17 Evidence, Chp. 503. The attorney-client privilege has been recognized as "the oldest of
18 the privileges for confidential communications known to the common law." *Upjohn Co.*
19 *v. United States*, 449 U.S. 383, 389 (1981).  The privilege, however, is not absolute. The
20 privilege may be waived by the client either implicitly, by placing privileged matters in
21 controversy, or explicitly, by turning over privileged documents. Inadvertent disclosure
22 can also result in a waiver of the privilege. *See Weil v. Investment/Indicators*, 647 F.2d
23 18, 24 n. 11 (9th Cir. 1981).

24 Here, Plaintiff has waived the attorney-client privilege by placing the letter
25 he wrote to his criminal attorney at issue. *See U.S. v. Blizerian*, 962 F.2d 1285, 1292 (2d
26 Cir. 1991) (defendant's assertion of good faith defense to charges of fraud based on
27 advice of counsel, waived attorney-client privilege); *SNK Corp. of America v. Atlus*
28 *Dream Entertainment Co. Ltd.*, 188 F.R.D. 556, 573 (N.D.Cal. 1999) (where party

1  injected issue of reliance on advice of counsel into suit, attorney-client privilge waived).
2  In fact, the letter is at the heart of Plaintiff's entire Complaint.  Plaintiff's Complaint
3  states that he "wrote a letter to his criminal attorney of record (John W. Rood) concerning
4  ADOC investigation." (Doc. 1 at 3)  "In the letter Plaintiff admitted to a criminal act and
5  asked his attorney to contact Arizona Attorney General to resolve the issue." (Doc. 1 at
6  3)  Plaintiff alleges that Defendants Munoz and Carlson "seized the letter, read it,
7  photocopied it, issued disciplinaries and sent it to C.I.U. Ellis." (Doc. 1 at 3)  By placing
8  the letter and its content at issue, Plaintiff has waived the attorney-client privilege at least
9  with respect to the portions of that letter that form the basis of his cause of action.
10 Moreover, in the Complaint itself, Petitioner states that he admitted to a criminal act in
11 the letter to his criminal attorney.  The September 10, 2010 Notice which Plaintiff seeks
12 to have placed under seal states that "Plaintiff's lawsuit concerns a letter in which he
13 claimed that he had arranged for the murders of two ADC employees." (Doc. 25 at 2)
14 Although this sentence provides more detail regarding the content of the letter than
15 Plaintiff provided in his Complaint, it does not reveal privileged information because it
16 only summarizes the content of a letter which Plaintiff himself has placed at issue.  The
17 Court finds no basis to seal the September 10, 2010 Notice.

18  Accordingly,

19  **IT IS ORDERED** that Plaintiff's "Motion to Seal Defendant Ellis' Notice
20 to the Court of Putative Defendant Munoz and Carlson Correct Work Address," doc. 29,
21 is **DENIED**.

22  DATED this 7th day of October, 2010.

Lawrence O. Anderson
United States Magistrate Judge