**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Fox Salerno, | ) | No. CV 10-858-PHX-ROS (LOA) |
| Plaintiff, | ) ) | **ORDER** |
| v. | ) ) | |
| Henry C. Munoz, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This matter arises on Plaintiff's Motion to Compel Discovery Responses. (Doc. 46) Plaintiff requests an order compelling Defendant Ellis to respond to production requests and interrogatories, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). On May 20, 2011, Defendant filed a response to the motion, doc. 48, to which Plaintiff has replied. (Doc. 54)

**I. Background**

On May 5, 2010, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the First, Fourth and Sixth Amendments. (Doc. 1) On September 6, 2010, Plaintiff served a Notice of Plaintiff's Requested Discovery on Defendant. (Doc. 27) Plaintiff requested thirteen categories of documents or records from Defendant. Defendant responded on October 13, 2010. (Doc. 33) Defendant responded to Request for Production ("RFP") #1 in its entirety and to RFP #2 in part. (Doc. 46 at 2) Plaintiff now asks the Court to compel Defendant to produce documents responsive to the remaining eleven requests.

## II.   Analysis

Plaintiff in this matter seeks damages for alleged violations of his constitutional rights under the First, Fourth and Sixth Amendments by Arizona Department of Corrections ("ADOC") personnel.  (Doc. 46 at 1-2) Plaintiff claims that Defendants seized a confidential letter sent to his attorney, and used the content as the basis for a subsequent disciplinary violation against him.  (Doc. 1 at 3) Plaintiff also alleges that Defendants continue to monitor his private mail.  (Doc. 48 at 2)

On September 10, 2010, Plaintiff filed a "Notice of Plaintiff's Requested Discovery."  (Doc. 27)  On October 13, 2010, Defendant responded.  (Doc. 33)  On May 9, 2011, Plaintiff filed this Motion to Compel.  (Doc. 46)

A party may seek discovery once both parties have conferred to try to resolve the matter and arrange required disclosures.  FED.R.CIV.P. 26(d) and (f), LRCiv 7.2(j).  Here, the parties have conferred in an attempt to resolve the discovery dispute absent court intervention.   Discovery may be used to obtain nonprivileged materials that pertain to a party's claim or defense.  FED.R.CIV.P. 26(b)  Likewise, interrogatories may relate to any matter that relates to a party's claim or defense.  FED.R.CIV.P. 33(a)(2) The responding party must answer each interrogatory in the response and object with specificity.  FED.R.CIV.P. 33(b)(3) and (4)

### A.   Request for Production #2

Plaintiff requests a "copy of documents associated with ADOC Disciplinary Report #10-A21-0023, including prison incident reports."  (Doc. 46 at 2)  Defendant produced responsive documents, and argues that Plaintiff does not specifically identify any other documents he seeks.  (Doc. 48 at 2)  Requests for production must be described with "reasonable particularity."  Fed.R.Civ.P. 34(b)(1)(A)  In the Reply to Defendant's Response, Plaintiff explains that he seeks the specific documents in Request for Production #7 and #11.  (Doc. 54 at 2)  Because the materials requested in Request for Production #2 have either been produced, or are the subject of other requests, the Motion to Compel as to Request for Production #2 will be denied.

1

2

3        **B.  Request for Production #3**

4              Plaintiff requests a "copy of documents associated with ADOC Disciplinary

5    Report #09-A21-0242, including prison incident reports."  (Doc. 46 at 3)  Plaintiff explains

6    that these documents may be helpful because they will show a prior case against Plaintiff,

7    demonstrating a pattern of ADOC misconduct.  *Id*.  Defendant argues that because this

8    disciplinary report preceded the case at hand, it is not relevant.  (Doc. 48 at 3)

9              The Court agrees.  This action involves Plaintiff's claim that a January 12, 2010

10   letter to Plaintiff's attorney was confiscated and that he was disciplined based on the

11   contents of that letter.  The only remaining claim concerns whether ADOC personnel

12   interfered with his ability to communicate with counsel.  Thus, evidence regarding a prior

13   disciplinary action is not relevant.

14        **C.  Request for Production #4**

15             Plaintiff requests a "copy of all ADOC reports on Plaintiff concerning his

16   Security Group Threat [(STG)] status."  (Doc. 46 at 3)  Defendant argues that this request

17   should be denied because there was no allegation of Plaintiff being investigated as a possible

18   member of an STG in his Complaint.  (Doc. 48 at 3)  Defendant further argues that

19   A.R.S. §31-221(c) bars disclosure of such information. *Id.*   This statute prohibits revealing

20   the names of confidential informants, endangering the lives of others or jeopardizing an

21   ongoing criminal indictment.  A.R.S. § 31-221(c)(1)-(3)

22             Plaintiff argues that he seeks information regarding his STG status because he

23   anticipates Defendant may use such information as a defense at trial.  "Parties may obtain

24   discovery regarding any nonprivileged matter that is relevant to any party's claim *or*

25   *defense*."  Fed. R. Civ. Prod. 26(b)(1) (emphasis added)  As such, Plaintiff has a right to this

26   material.  In response to Defendant's A.R.S. § 31-221(C) argument, Plaintiff argues that any

27   names that should be kept confidential can be redacted before producing the information to

28   Plaintiff.  The Court agrees.  The spirit of the statute, to protect certain parties, can be upheld

while relevant materials are properly disclosed.  Therefore, Defendant is directed to produce information regarding Plaintiff's security threat status after redacting the necessary names and information.

### D.  Request for Production #5

Plaintiff requests a copy of "all documents and reports associated with ADOC's classification of Plaintiff."  (Doc. 46 at 4)  Defendant produced responsive materials on May 10, 2011.  (Doc. 48 at 4)  As a result, this request will be denied as moot.

### E.  Request for Production #6

Plaintiff requests a copy of "all employee records for Defendant[], including disciplinary records."  (Doc. 46 at 5)  Defendant argues that these documents are not relevant to whether Plaintiff's constitutional rights were violated in this case.  (Doc. 48 at 4)  Moreover, Defendant argues that the documents are confidential and, due to Rule 404 of the Federal Rules of Evidence, cannot be used to impeach Defendant.  (Doc. 48 at 5)  Plaintiff counters that Rule 404 does not apply, instead relying on the exceptions of Rule 608(b).  (Doc. 54 at 3)

The Court will deny the Motion to Compel as to this request.  Plaintiff does not explain why Defendant's personnel records are relevant to the claim in this case.

### F.  Request for Production #7

Plaintiff requests "a copy of all reports prepared by Defendants that include a reference to Plaintiff, including [five] listed disciplinary actions." (Doc. 46 at 5) Defendant argues that because the disciplinary actions occurred prior to the case at hand, they are not relevant.  (Doc. 48 at 5)

The Court will deny the Motion to Compel as to this request for the reasons related to Request for Production #3.

### G.  Request for Production #8

Plaintiff requests a "list of all items, documents, etc. including the dates of all things seized from Plaintiff between 6/16/09 until today, by ADOC officials."  (Doc. 46 at 8) In his response to this request, Defendant disclosed contraband seized by ADOC officials.

(Doc. 48 at 5)  Plaintiff claims that the disclosure was incomplete, but does not specifically identify what is missing.  (Doc. 54 at 3)

The Court will deny the Motion to Compel as to this request.  Requests for Production must be described with "reasonable particularity."  Fed.R.Civ.P. 34(b)(1)(A)  Defendant has produced responsive materials, and Plaintiff does not describe what he believes is missing.

### H.  Request for Production #9

Plaintiff requests a "list of all recorded telephone calls of Plaintiff in the possession of ADOC."  (Doc. 46 at 6)  Defendant argues that these phone calls are irrelevant because they are not part of the case in question.  (Doc. 48 at 6) In his reply, Plaintiff claims that his "suspicions are reasonably calculated to lead to admissible and relevant material." (Doc. 54 at 3) Plaintiff does not explain how recordings of all his telephone calls for an undefined period of time are relevant to his claim based on Defendant's seizure of his letter to counsel.  Accordingly, the Court will deny the Motion to Compel as to this request.

### I.  Request for Production #10

Plaintiff requests "a copy of ADOC employment records, including disciplinary history for various ADOC personnel."  (Doc. 46 at 6)  Plaintiff explains that these are requested to show the prior treatment of other inmates.  *Id.*

The Court will deny the Motion to Compel as to this request.  This request seeks documents that pertain to employees and other inmates who are not parties to this action. The request does not seek information relevant to Plaintiff's present claim.

### J.  Request for Production #11

Plaintiff requests a copy of "a memorandum prepared by senior ADOC official Reyna to another senior official on November 3, 2009."  (Doc. 46 at 6)  Plaintiff explains that he anticipates this memo to discuss the seizure of Plaintiff's mail.  *Id.*  But, Plaintiff gives no reason for this belief.  The letter at issue was dated January 12, 2010.  Thus, as Defendant argues, the requested memorandum precedes the incident at issue and does not appear relevant to this case.

**K.  Request for Production #12**

Plaintiff requests "a copy of the transcript of a recorded interview between [Defendant] Ellis and the Plaintiff."  (Doc. 47 at 7)  Defendant explains that no transcript exists, and as a result, one cannot be produced.  (Doc. 48 at 6) In his reply, Plaintiff argues that the interview was recorded and requests a cassette tape with the recorded interview. (Doc. 54 at 3)

The Court will grant the Motion to Compel as to this request.  The Defendant must either produce the requested recording or provide an objection.  Fed.R.Civ.P 34(b)(2)(B)  Here, Defendant argued that the transcript did not exist.  Defendant, however, did not object to the content of the interview being produced.  As a result, a cassette tape or other recording will suffice, and Defendant did not object to producing the content of the recording.

**L.  Request for Production #13**

Plaintiff requests a copy of "all other complaints made by prisoners concerning legal mail issues."  (Doc. 46 at 8)  Plaintiff objects to this as broad and unduly burdensome. (Doc. 48 at 6)  Defendant also objects to this as irrelevant to the case at hand.  *Id.*

The Court will deny the Motion to Compel as to this request.  A prisoner is not to have access to the records of other prisoners.  A.R.S. §31-221(E) Plaintiff is not requesting his own complaints, but instead those of other prisoners.  As a result, this request falls under A.R.S. §31-221(E) as unacceptable.  Therefore, it is proper for the Court to deny the request without addressing its burdensome nature.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery Responses is **GRANTED** as to Requests for Production #4 and 12 and **DENIED** as to Requests #2, 3, 5, 6, 7, 8, 9, 10, 11, and 13.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Defendant shall promptly provide Plaintiff the materials responsive to Requests for Production numbers 4 and 12.

DATED this 30th day of June, 2011.

Lawrence O. Anderson
United States Magistrate Judge